UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOHN M HEINEKE,<br><br>    Plaintiff,<br><br>v.<br><br>SANTA CLARA UNIVERSITY, et al.,<br><br>    Defendants. | Case No. 17-CV-05285-LHK<br><br>**ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION**<br><br>Re: Dkt. Nos. 14, 18 |

On September 12, 2017, Plaintiff John Heineke filed a complaint against Defendants Santa Clara University ("SCU") and a named former student ("Student A") alleging age discrimination, wrongful termination, intentional infliction of emotional distress, negligent infliction of emotional distress, breach of contract, breach of the covenant of good faith and fair dealing, and defamation. ECF No. 1 ("Compl."). On September 13, 2017, Plaintiff filed an emergency motion for a temporary restraining order or preliminary injunction. ECF Nos. 9, 14 ("Mot."). Counsel for Plaintiff certified that he provided notice of the emergency motion to counsel for SCU. ECF No. 8 at 3. SCU's counsel stated that SCU opposed the requested relief. *Id.* Also on September 13, 2017, the Court ordered SCU to respond to the emergency motion. ECF No. 16. SCU responded

1

Case No. 17-CV-05285-LHK
ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

on September 14, 2017. ECF No. 17 ("Opp."). Plaintiff filed a motion for leave to file a reply on September 15, 2017, ECF No. 18. Because the reply exceeds the page limit set forth in Civil Local Rules 7-3(c) and 7-4(b), the Court DENIES Plaintiff's motion and STRIKES the reply. However, the Court notes that the arguments in the reply would not have changed the Court's conclusion. Having considered the submissions of the parties, the relevant law, and the record in this case, the Court DENIES Plaintiff's emergency motion for a temporary restraining order or preliminary injunction.

The standard for issuing a temporary restraining order is identical to the standard for issuing a preliminary injunction. *Henry Schein, Inc. v. Cook*, 191 F. Supp. 3d 1072, 1076 (N.D. Cal. 2016) (citing *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (emphasis added). A plaintiff must make "a certain threshold showing . . . on each factor." *Leiva-Perez v. Holder*, 640 F.3d 962, 966 (9th Cir. 2011) (discussing *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011)). The party seeking the injunction bears the burden of proving these elements. *Klein v. City of San Clemente*, 584 F.3d 1196, 1201 (9th Cir. 2009). "A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).

Plaintiff is a 79-year-old tenured professor of economics at SCU. In 2015, Student A, then a student of his, accused Plaintiff of sexual harassment and filed a complaint with SCU's Office of EEO & Title IX. Compl. ¶¶ 28, 32; Mot. at 2. Student A chose not to pursue the complaint at that time. Compl. ¶ 33; Mot. at 2. Plaintiff denies the allegations.

In 2017, another student ("Student B") of Plaintiff's filed a complaint accusing him of

2

United States District Court
Northern District of California

sexual harassment. Mot. at 3; Mot. Exh. 8 at 1. SCU hired a neutral investigator to investigate the charges. The investigator found that a preponderance of the evidence did not support Student B's allegations of sexual harassment. Mot. at 3; Exh. 8 at 1-3. In the course of the investigation into Student B's claims, however, the investigator learned of Student A's complaint and interviewed her. Mot. at 3; Mot. Exh. 9 at 2; Compl. ¶¶ 37-38. The investigator then opened a formal investigation into Student A's complaint.

Following an investigation that included interviewing Plaintiff, Student A, and seven witnesses, and reviewing emails between Plaintiff and Student A, the investigator issued a report on June 19, 2017. Mot. Exh. 9. The investigator found based on a preponderance of the evidence that Plaintiff violated SCU's Gender-Based Discrimination and Sexual Misconduct Policy as well as Policy 311 of the Staff Policy Manual. *Id.* at 54. SCU's EEO and Title IX Coordinator adopted this finding on June 23, 2017. *Id.* at 55. The investigator issued an addendum on August 9, 2017, to respond to objections raised by Plaintiff. The investigator's conclusions remained the same. Mot. Exh. 10 at 50. Plaintiff then submitted an "addendum to the addendum." Mot. Exh. 13 at 1.

On August 20, 2017, SCU Provost Dennis Jacobs accepted the findings of the investigation. *Id.* In a letter, Jacobs informed Plaintiff that Plaintiff's "unwelcome, sexual, verbal, written, online and physical contact amounts to gross misconduct and subjects [Plaintiff] to dismissal from the university and loss of tenure, effective Sept. 5, 2017." *Id.* at 2. The letter provided that Plaintiff could appeal the decision by submitting a written appeal within ten days. *Id.* Pursuant to an extension granted by SCU, Plaintiff submitted an appeal on September 12, 2017. Compl. ¶ 45; Guthrie Decl. ¶¶ 8-9; Exh. 3 to Guthrie Decl. SCU granted Plaintiff until the close of business on September 29, 2017 to submit any additional materials he would like to be considered as part of his appeal. Guthrie Decl. ¶ 9; Exh. 4 to Guthrie Decl. SCU suspended Plaintiff with pay pending the resolution of his appeal. Compl. ¶ 46; Mot. at 9; Guthrie Decl. ¶ 8; Exh. 3 to Guthrie Decl.

The fall quarter begins on September 18, 2017. Mot. at 9; Compl. at ¶ 46. Plaintiff

contends that SCU has already announced that Plaintiff is "on leave" for the fall quarter. Mot. at 9. SCU states that it has arranged for other professors to teach Plaintiff's classes, Guthrie Decl. ¶ 10, but that it has not disclosed Plaintiff's suspension to anyone without a business need to know, Opp. at 20.

Plaintiff argues that, in the absence of a temporary restraining order or preliminary injunction, SCU's suspension of him pending his appeal's resolution will cause irreparable harm to his reputation and career. Mot. at 9. First, Plaintiff contends that, given his age, any suspension or termination will eliminate any other employment opportunities. Mot. at 13-14. Plaintiff also contends that "given the nature of the false accusations alleged against him, the damage to his reputation likely also forecloses any other employment opportunities." *Id.* at 14.

The Court concludes that Plaintiff has failed to establish a threshold showing of irreparable harm. This conclusion is supported by ample precedent from the United States Supreme Court, the Ninth Circuit, this Court, and other federal courts. The U.S. Supreme Court's decision in *Sampson v. Murray*, 415 U.S. 61 (1974), is instructive. In *Sampson*, a federal employee sought to enjoin her dismissal pending resolution of her administrative appeal. *Id.* at 63. The employee argued that, absent an injunction, she would be irreparably harmed because "spurious and unrebutted charges against her might remain on the record" and "she would suffer the embarrassment of being wrongfully discharged in the presence of her coworkers." *Id.* at 89. The federal employee also argued that she would be irreparably harmed because she would be denied an income. *Id.* The D.C. Circuit "intimated that either loss of earnings or damage to reputation might afford a basis for finding irreparable injury," but the U.S. Supreme Court disagreed, saying that a showing of lost earnings and reputational harm "falls far short of the type of irreparable injury which is a necessary predicate to the issuance of a temporary injunction." *Id.* at 91-92. In a footnote, the U.S. Supreme Court observed, "We have held that . . . difficulties in immediately obtaining other employment—[an] external factor[] common to most discharged employees and not attributable to any unusual actions relating to the discharge itself—will not support a finding

4

Case No. 17-CV-05285-LHK
ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

of irreparable injury, however severely they may affect a particular individual." *Id.* at 93 n.68.

In the instant case, like in *Sampson*, Plaintiff alleges that he will suffer irreparable harm from the allegedly false accusations against him and from the injury to his reputation from being suspended. Unlike in *Sampson*, however, Plaintiff will be suspended with full pay pending the outcome of his administrative appeal. As a result, Plaintiff's claim to injury in the instant case is even weaker than the federal employee's claim in *Sampson*, which the U.S. Supreme Court held was insufficient to support injunctive relief.

Applying *Sampson*, the Ninth Circuit has rejected assertions of irreparable harm stemming from lost income, reputational damage, and psychological injury. In *Hartikka v. United States*, 754 F.2d 1516 (9th Cir. 1985), the Ninth Circuit held that lost income, lost retirement and relocation pay, and damage to a military service member's reputation resulting from the stigma of a less-than-honorable discharge did not constitute irreparable harm. *Id.* at 1518. Similarly, in *Kennedy v. Secretary of Army*, 191 F.3d 460 (9th Cir. 1999) (unpublished table decision), the Ninth Circuit held that lost military benefits, damage to the service member's reputation, and damage to his mental health would not support a finding of irreparable harm.[1] *Id.* at *2; *see also*

---

[1] In his reply, Plaintiff relies on *Arizona Dream Act Coalition v. Brewer*, 757 F.3d 1053 (9th Cir. 2014), *Herb Reed Enterprises, LLC v. Florida Entertainment Management., Inc.*, 736 F.3d 1239 (9th Cir. 2013), and *Cassim v. Bowen*, 824 F.2d 791 (9th Cir. 1987) for the proposition that reputational injury and "loss of opportunity to pursue one's profession" constitute irreparable harm. These cases are distinguishable. First, in *Arizona Dream Act Coalition*, the Ninth Circuit stated that "[t]he loss of opportunity to pursue [Plaintiffs'] chosen profession[s] constitutes irreparable harm." 757 F.3d at 1068 (internal quotation marks omitted) (alterations in original). The Court finds that any such lost opportunity in the instant case is speculative at best. Plaintiff's administrative appeal is still pending and a successful outcome in that appeal or in the instant case could result in his reinstatement. *See Singh v. Sch. Dist. of Phila.*, No. 10-2028, 2010 WL 3220336, at *6-7 (E.D. Penn. Aug. 11, 2010). In addition, Plaintiff has not submitted any evidence that he would be unable to obtain other employment, making his assertions to that effect speculative. *See Holcomb v. Cal. Board of Psychology*, No. 2:15-cv-02154, 2015 WL 7430625, at *4 (E.D. Cal. Nov. 23, 2015); *Brown v. District of Columbia*, 888 F. Supp. 2d 28, 31-34 (D.D.C. 2012). Second, *Herb Reed* was a trademark case dealing with a company's business reputation and goodwill. 736 F.3d at 1250. Plaintiff cites no authority to suggest that the standards for analyzing harm to business reputation and harm to an individual's professional reputation are the same—indeed, *Samson*, *Hartikka*, and *Kennedy* show that it is not. Finally, in *Cassim*, the Ninth Circuit summarily stated that Cassim, a surgeon who was suspended from the Medicare program, "has shown the possibility of irreparable injury." 824 F.2d at 796. *Cassim* provides little support to Plaintiff, however, because it was abrogated by the U.S. Supreme Court's decision in *Winter*,

5
Case No. 17-CV-05285-LHK
ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

*Stanley v. Univ. of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994) (holding that plaintiff had adequate remedy at law for claims seeking money damages and back pay for the loss of her job); *Loft v. Stationary Engineers, Local 39*, 2014 WL 709980, at *4 (N.D. Cal. Feb. 24, 2014) (finding loss of job and pension benefits is not irreparable); *Belzer v. American Airlines*, 2007 WL 685865, at *2 (E.D. Cal. Mar. 5, 2007) (finding no irreparable harm where airline pilot alleged he would suffer loss of employment and health benefits).

The particular circumstances of Plaintiff's case that might distinguish it from *Sampson*, *Hartikka*, and *Kennedy*—the nature of Plaintiff's employment as a tenured professor, the nature of the allegations against him, Plaintiff's advanced age, and his alleged emotional distress—do not require a different result. First, other courts have regularly held in the context of academia that damage to a professor's professional reputation resulting from adverse tenure or employment decisions or disciplinary proceedings does not constitute irreparable harm for the purposes of a preliminary injunction. *See Bagley v. Yale Univ.*, No. 3:13–cv–1890, 2014 WL 7370021, at *5-6, 10 (D. Conn. Dec. 29, 2014) (finding damage to professional reputation, including in academia, to be both speculative and compensable by money damages at trial); *Weathers v. Univ. of N.C. at Chapel Hill*, 2008 WL 5110952, at *3-4 (M.D.N.C. Dec. 4, 2008) (finding no irreparable harm where refusal to grant tenure would cause professor to lose status as principal investigator on a grant and would damage her reputation and employability); *Halikas v. Univ. of Minn.*, 856 F. Supp. 1331, 1334 (D. Minn. 1994) (finding no irreparable harm where professor of medicine claimed reputational damage from university's investigation into and suspension of his research).

Second, in *Choudhry v. Regents of University of California*, No. 16-cv-5281, 2016 WL 6611067 (N.D. Cal. Nov. 9, 2016), which bears some strong factual similarities to the instant case, the court found that there was no irreparable harm where a university dean remained a tenured,

---

which required that a plaintiff show that irreparable harm is likely, not just possible. *See Winter*, 555 U.S. at 22. Accordingly, the Court finds that *Sampson*, *Hartikka*, *Kennedy*, and the other cases discussed above below are more directly on point and more persuasive than those relied on by Plaintiff.

6

Case No. 17-CV-05285-LHK
ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

paid faculty member but had no teaching responsibilities during the pendency of a sexual harassment investigation. *Id.* at *2, 7. Moreover, it is undisputed that Plaintiff's appeal within SCU is still pending, and presumably any reputational injury would "be largely negated should [h]e ultimately prevail" in that appeal or in the instant case. *Hines v. Cal. Public Utilities Comm'n*, No. C–10–2813, 2011 WL 724658, at *2 (N.D. Cal. Feb. 23, 2011).

Third, other courts have rejected the assertion that a plaintiff's advanced age will make finding a new job difficult or impossible, thereby rendering an adverse employment action irreparable. *See Holcomb v. Cal. Board of Psychology*, No. 2:15-cv-02154, 2015 WL 7430625, at *4 (E.D. Cal. Nov. 23, 2015) (finding no irreparable harm where plaintiff alleged that in the absence of a temporary restraining order she would lose her job, be unable to find employment due to her advanced age, and possibly become homeless as a result); *Brown v. District of Columbia*, 888 F. Supp. 2d 28, 31-34 (D.D.C. 2012) (finding no irreparable harm where professor was denied tenure despite alleged harm to her professional reputation, an effective end to her teaching career, a loss of income, and a difficult transition period due to her age and health); *Singh v. Sch. Dist. of Phila.*, No. 10-2028, 2010 WL 3220336, at *6-7 (E.D. Penn. Aug. 11, 2010) (finding no irreparable harm where 59-year-old tenured teacher was allegedly illegally dismissed because economic harm cannot constitute irreparable harm and reinstatement was available as a remedy at trial).

Fourth, other courts have refused to find irreparable harm based on emotional distress caused by adverse employment decisions. *See Kennedy*, 191 F.3d 460 at *2; *DeNovellis v. Shalala*, 135 F.3d 58, 64 (1st Cir. 1998) ("[T]he fact that an employee may be psychologically troubled by an adverse job action does not usually constitute irreparable injury warranting injunctive relief."); *Brown*, 888 F. Supp. 2d at 31-32; *Pollis v. New School for Social Research*, 829 F. Supp. 584, 591-601 (S.D.N.Y. 1993) (finding no irreparable harm when 70-year-old professor claimed emotional and psychological distress from being forced to transition from a full-time professorship to an adjunct position).

7
Case No. 17-CV-05285-LHK
ORDER DENYING EMERGENCY MOTION FOR TEMPORARY RESTRAINING ORDER OR PRELIMINARY INJUNCTION

Because Plaintiff has not made the required threshold showing of irreparable harm, the Court need not address the other three *Winter* factors. *See Bagley,* 2014 WL 7370021, at *5 ("If a plaintiff does not or cannot demonstrate irreparable harm if a preliminary injunction is not granted, the injunction will not be granted."). Accordingly, Plaintiff's motion for a temporary restraining order or preliminary injunction is DENIED.

**IT IS SO ORDERED.**

Dated: September 15, 2017

_____
LUCY H. KOH
United States District Judge